UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM CAGE,<br><br>    Plaintiff,<br><br>v.<br><br>A. JOHNSON, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-01429-CDB (PC)<br><br>**ORDER DIRECTING CLERK TO RENAME DOCKET ENTRY NUMBER 11 AND TO RANDOMLY ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Jim Cage is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT BACKGROUND**

On April 26, 2023, this Court issued its First Screening Order. (Doc. 10.) The Court found Plaintiff stated a cognizable Eighth Amendment excessive force claim against Defendant Rojas, but his complaint failed to state any other cognizable claim against any other named defendant. (*Id*. at 3-8.) As a result, within 21 days of service of the screening order, Plaintiff was to elect one of the following three options: (1) to notify the Court in writing that he did not wish to file a first amended complaint and was willing to proceed only on the Eighth Amendment excessive force claim against Defendant Rojas with the remaining claims against any defendant to be dismissed; or (2) to file a first amended complaint curing the deficiencies identified by the Court in its

1  screening order; or (3) to file a notice of voluntary dismissal. (*Id.* at 11-12.)

2  On May 10, 2023, Plaintiff filed a first amended complaint. (Doc. 11.) However, upon review of the first amended complaint, it became apparent to the Court that Plaintiff has actually elected to notify the Court that he wishes to proceed on the claim found cognizable by the Court in its April 26, 2023 screening order. In so doing, Plaintiff used a blank amended complaint form to make his notification:

> I would not wish to file a first amended complaint and am willing to proceed only on the Eight[h] Amendment excessive force claim against Defendant Rojas; the remaining claims against any other defendant to be dismissed.

(*See* Doc. 11 at 5 [V. Relief].) Although Plaintiff used the blank amended complaint form and the Clerk of the Court docketed the document as a "First Amended Prisoner Civil Rights Complaint," it is plain from the content of the filing that Plaintiff elects to proceed only on his claim against Defendant Rojas and understands his remaining claims and the other named defendants will be dismissed from this action. Hence, the Court will direct the Clerk of the Court to rename Docket Entry Number 11.

## II.    ORDER AND FINDINGS AND RECOMMENDATIONS

Accordingly, and for the reasons stated above, the Court **HEREBY DIRECTS**:

1. The Clerk of the Court to rename Docket Entry Number 11 from "First Amended Prisoner Civil Rights Complaint" to "Notice to Proceed on Cognizable Claim;" and
2. The Clerk of the Court to randomly assign a district judge to this action.

Further, and for the reasons set forth in the Court's First Screening Order (Doc. 10), the Court **RECOMMENDS** that:

1. This action **PROCEED** only on Plaintiff's Eighth Amendment excessive force claim against Defendant J. Rojas, pursuant to 42 U.S.C. § 1983;
2. Defendants A. Johnson, E. Cortez, R. Rogue, A. Encinas, J. Ward and P. Actas be **DISMISSED**; and
3. The remaining claims in Plaintiff's complaint be **DISMISSED**.

//

2

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 4, 2023__    _____
UNITED STATES MAGISTRATE JUDGE