UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM CAGE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>A. JOHNSON, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:22-cv-01429-CDB (PC)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO KEEP THE COURT APPRISED OF HIS CURRENT ADDRESS AND FAILURE TO FILE AN OPPOSITION OR STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**<br><br>**14-DAY DEADLINE**<br><br><br>Clerk of the Court to Effect Service |

Plaintiff Jim Cage is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment excessive force claim against Defendant Rojas.

**I.  INTRODUCTION**

The Court has learned that Plaintiff is no longer housed at California State Prison, Sacramento.[1] (*See* Doc. 31 [Defendant's Motion to Compel].) It is unclear when Plaintiff was transferred to Pelican Bay State Prison and Plaintiff has not filed a notice of change of address as

---

[1] The Court's docket currently reflects the following address: "Jim Cage, AA-9208, California State Prison, Sacramento, P.O. Box 290066, Represa, CA 95671-0066."

required by this Court's Local Rules. Additionally, Plaintiff has not complied with the Local Rules by failing to file an opposition or statement of non-opposition to a pending motion.

## II.  DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." Further, Local Rule 183(b) states, in part: "A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address."

Next, Local Rule 230(l) pertains to motions in prisoner actions. It provides, in relevant part:

> Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

Local Rule 230(*l*).[2]

Here, Plaintiff has failed to keep the Court apprised of his current address. It is his obligation to do so. Further, Plaintiff's opposition or statement of non-opposition to Defendant's motion to compel was to be filed no later than July 17, 2024, plus time for mailing. However, no opposition or statement of non-opposition has been filed. It appears Plaintiff has chosen to cease litigating this case.

### III.   CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for his failure to keep the Court apprised of his current address and failure to file an opposition or statement of non-opposition to Defendant's pending motion to compel in accordance with this Court's Local Rules. Alternatively, within that same time, Plaintiff may file a Notice of Change of Address *and* an opposition or statement of non-opposition to the pending motion to compel. Plaintiff may also file a request for voluntary dismissal if he no longer wishes to pursue this action. *See* Fed. R. Civ. P. 41(a)(2).

The Clerk of the Court is **DIRECTED** to serve this Order at Plaintiff's current address of record with the Court—California State Prison, Sacramento—and to Plaintiff at Pelican Bay State Prison.

**Failure to comply with this Order to Show Cause (OSC) will result in a dismissal of this action for a failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **July 23, 2024**                                   _____
                                                              UNITED STATES MAGISTRATE JUDGE

---

[2] This Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued November 7, 2022, advised Plaintiff of his obligations to comply with this Court's orders, the Federal Rules of Civil Procedure, and the Local Rules, including Local Rules 182(f), 183(b) and 230(l). (*See* Doc. 7.)

3