UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM CAGE,<br><br>               Plaintiff,<br><br>   v.<br><br>A. JOHNSON, et al.,<br><br>               Defendants. | Case No.: 1:22-cv-01429-CDB (PC)<br><br>**ORDER GRANTING REQUEST FOR EXTENSION OF TIME WITHIN WHICH TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>**21-DAY DEADLINE** |

Plaintiff Jim Cage is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment excessive force claim against Defendant Rojas.

**I.    BACKGROUND**

The Court issued its Discovery and Scheduling Order on January 25, 2024. (Doc. 26.)

Following the Court's grant of Defendant's two ex parte requests for extensions of time (*see* Docs. 35-38), on January 16, 2025, Defendant filed a motion for summary judgment. (Doc. 39.) Defendant's motion included a *Rand*[1] warning (Doc. 39-15), specifically addressing the requirements concerning an opposition to a motion for summary judgment. Despite the passage of more than 21 days, Plaintiff failed to file an opposition or statement of non-opposition to Defendant's motion.

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

On February 19, 2025, the Court issued its Order to Show Cause (OSC) in Writing Why Sanctions Should Not Be Imposed for Plaintiff's Failure to File an Opposition or Statement of Non-Opposition. (Doc. 40.) Plaintiff was ordered to response to the OSC within 14 days, or, alternatively, to file an opposition or statement of non-opposition to Defendant's motion for summary judgment. (*Id*.)

On March 19, 2025, Plaintiff filed an untitled document, informing the Court he had been transferred to High Desert State Prison and was seeking an extension of time. (Doc. 41.)

## II. DISCUSSION

Defendant filed a motion for summary judgment on January 16, 2025.[2] Plaintiff failed to timely respond or to seek an extension of time of the opposition deadline. The Court then issued an OSC directing Plaintiff to respond within 14 days. When more than 14 days plus time for mailing passed without a response from Plaintiff, the Court considered Defendant's motion for summary judgment to be unopposed.

Now, more than one month after his opposition to Defendant's summary judgment was due, Plaintiff requests an extension of time. He does not identify the length of the extension he seeks, stating only that he "is asking for an extension please." (Doc. 41.) Nor does Plaintiff state the date his transfer from California State Prison-Sacramento to High Desert State Prison occurred. (*Id*.)

This Court's Local Rules provide that the "[f]ailure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." *See* Local Rule 230(*l*). Although Plaintiff's failure to oppose Defendant's summary judgment motion was deemed a waiver of any opposition by the Court, presuming Plaintiff's institutional transfer occurred during the period he was to prepare and file an opposition to the pending motion, the Court will grant Plaintiff an extension of time within which to do so. Plaintiff will be afforded 21 days within which to file an opposition to Defendant's motion for summary judgment. No further extensions

---

[2] Plaintiff was forewarned Defendant would be filing a motion for summary judgment given Defendant's multiple requests to extend the dispositive motion filing deadline.

2

of time will be granted absent a showing of good cause.

### III.  CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** as follows:

1. Plaintiff's request for an extension of time (Doc. 41) is **GRANTED**;
2. Plaintiff **SHALL** file an opposition to Defendant's motion for summary judgment **no later than 21 days** from the date of this order; and
3. Any failure by Plaintiff to timely file an opposition to the pending summary judgment motion will result in the Court deeming an opposition to have been waived and the motion will be decided accordingly.

IT IS SO ORDERED.

Dated:   **March 20, 2025**                                     _____
                                                                                    UNITED STATES MAGISTRATE JUDGE